1  DUANE B. BEESON, SBN 20215
   JASON RABINOWITZ, SBN 183822
2  BEESON, TAYER & BODINE, APC
   483 Ninth Street, 2nd Floor
3  Oakland, CA  94607
   Telephone:     (510) 625-9700
4  Facsimile:     (510) 625-8275
   Email:         jrabinowitz@beesontayer.com

6  Attorneys for Defendant
   IBEW Local 1269

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      AT SACRAMENTO

| | |
|---|---|
| JOYCE McROBERTS, | Case No. 2:11-CV-02065-KJM-GGH |
| Plaintiff, | **IBEW LOCAL 1269'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| AT&T, INC., and IBEW LOCAL 1269, | Hearing Date:     October 26, 2011<br>Hearing Time:     10:00 a.m.<br>Courtroom:        3, 15th Floor<br>Judge:            Hon. Kimberly J. Mueller<br>Complaint Filed:  May 2, 2011<br>Trial Date:       None set |
| Defendants. | |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION .......................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

I. INTRODUCTION ......................................................................................................... 1

II. PROCEDURAL HISTORY .......................................................................................... 2

III. STATEMENT OF FACTS ............................................................................................ 2

IV. ARGUMENT ................................................................................................................. 4

    A. The Court Should Dismiss Plaintiff's Third Cause of Action, Alleging Breach of the Duty of Fair Representation, as Untimely. .............................. 4

    B. Plaintiff Fails to State a Claim for Unfair Labor Practice, and Any Such Claim Would Be Preempted by the Exclusive Jurisdiction of the NLRB, and Time-Barred. ................................................................ 6

    C. FEHA Age Discrimination Claim Is Preempted Because It Is a DFR Claim in Disguise, and Should Be Dismissed for the Reasons Set Forth Above ................... 8

    D. Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed. ............................................................................................... 10

    E. Plaintiff's California WARN Act Claim Should Be Dismissed Against the Union ........................................................................................................ 10

V. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bergeron v. Henderson*,
  52 F.Supp.2d 149 (D. Maine 1999) ............................................................................................ 9

*BIW Deceived v. Marine Workers Local S6*,
  132 F.3d 824 (1st Cir. 1996) ....................................................................................................... 8

*DelCostello v. Teamsters*,
  462 U.S. 151 (1983) .................................................................................................................... 4

*Flathau v. Machinists, District 141*,
  Case No. C03-0278, 2003 WL 21219032, 172 L.R.R.M. 2526 (W.D. Wa. May 14, 2003) ............. 9

*Fleming v. Pickard*,
  581 F.3d 922 (9th Cir. 2009) ....................................................................................................... 2

*Jackson v. T & N Van Service*,
  86 F.Supp.2d 497 (E.D. Pa. 2000) .............................................................................................. 8

*Madison v. Motion Picture Set Painters and Sign Writers Local 729,*
  132 F.Supp.2d 1244 (C.D. Cal. 2000) ......................................................................................... 9

*San Diego Bldg. Trades Council v. Garmon*,
  359 U.S. 236 (1959) ............................................................................................................... 6, 7

*Siemons Mailing Service,*
  122 NLRB 81 (1959) ................................................................................................................... 7

*Steele v. Local 1162*,
  432 F.Supp.369 (N.D. Ind. 1977) ............................................................................................... 9

*Trerice v. Blue Cross of California*,
  209 Cal.App. 3d 878 (1989) ...................................................................................................... 10

*United Steelworkers v. Rawson*,
  495 U.S. 362 (1990) .................................................................................................................... 8

*Yurick v. Superior Court*,
  209 Cal.App. 3d 1116 (1989) .................................................................................................... 10

**Statutes**

California Fair Employment and Housing Act (FEHA, Gov. Code § 12900, *et. seq.*) ............ 1, 8, 9, 10

California Worker Adjustment and Retraining Notification Act
  ("WARN Act," Labor Code § 1400, *et. seq*.) ................................................................. 1, 2, 10, 11

Labor Code § 1402 ......................................................................................................................... 11

Page(s)

Labor Code §1404 .................................................................................................................. 11

National Labor Relations Act (NLRA), 29 U.S.C. § 14(c) ................................................. 6, 7

National Labor Relations Act (NLRA), 29 U.S.C. § 158(b) .............................................. 6, 7

National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) ................................................. 7

National Labor Relations Act (NLRA), 29 U.S.C. § 164(c) .............................................. 6, 7

**Rules**

Federal Rule of Civil Procedure 12(c) ................................................................................ 1, 2

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 26, 2011 at 10:00 a.m., or as soon thereafter as the case may be heard in Courtroom 3, 15th Floor, 501 I Street, Sacramento, California 95814, Defendant IBEW Local 1269 will move to dismiss the Complaint in the above-entitled proceeding.

This motion is made pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that the Court does not have subject matter jurisdiction over the Complaint, that the Complaint does not state a claim against Defendants upon which relief may be granted, and that the Complaint is barred by the applicable statute of limitations.

For these reasons, and the reasons discussed below, Defendant IBEW will request the Court to enter its order dismissing the Complaint without leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT IBEW LOCAL 1269'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.  INTRODUCTION**

Defendant International Brotherhood of Electrical Workers Local 1269 ("IBEW" or "Union") requests the Court to grant its Motion for Judgment on the Pleadings because none of Plaintiff's causes of action states a claim for which relief may be granted. Plaintiff asserts five causes of action in her Complaint, as follows:

(1)   Age Discrimination under FEHA;

(2)   Violation of California WARN Act;

(3)   Breach of Collective Bargaining Agreement and Duty of Fair Representation

(4)   Unfair Labor Practice

(5)   Intentional Infliction of Emotional Distress

As set forth below, all of Plaintiff's claims except for the Second Cause of Action (the WARN Act claim), are in essence claims that the Union failed to represent her properly. As shown below, these claims are governed by federal law regulating the Union's duty of fair representation,

which preempts Plaintiff's state law claims.  Further, under the six-month statute of limitations applying to such claims, all of these causes of action are time-barred.

Additionally, the Court's jurisdiction of the unfair labor practice claim is preempted by the exclusive jurisdiction of the National Labor Relations Board, which dismissed her unfair labor practice charge based on the same events alleged in her Complaint.  Further, Plaintiff fails to state a claim for intentional infliction of emotional distress, because the facts alleged do not constitute the sort of extreme and outrageous conduct giving rise to such a claim.  Finally, Plaintiff fails to state a claim for which relief may be granted under the California WARN Act because the Act does not apply to labor organizations, and Plaintiff alleges no facts against the Union which could constitute a violation of the Act.

For these reasons, and because the infirmities in Plaintiff's Complaint may not be cured by amendment, Defendant Union respectfully requests the Court to grant the Motion for Judgment on the Pleadings and dismiss the Complaint with prejudice.

## II.  PROCEDURAL HISTORY

Plaintiff filed her Complaint in Superior Court on May 2, 2011.  Defendant IBEW Local 1269 removed the case to this Court on federal question grounds on August 5, 2011, and filed its Answer on August 11, 2011.  Defendant AT&T has not yet filed a responsive pleading.

## II.  STATEMENT OF FACTS

The facts alleged in Plaintiff's Complaint, many of which the Union denies in its Answer, but which may be accepted for the sole purpose of considering a Section 12(c) motion (*see Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009)) are as follows:

Plaintiff Joyce McRoberts was employed during the relevant time period in this case by Defendant AT&T as a salesperson of yellow page advertisements, both through telemarketing and making premise visits to customers. (Compl. ¶ 5.)  The bargaining unit of which Plaintiff was a member is represented by Defendant Union for collective bargaining purposes.  (*Id.*)

On or about March 2, 2010, AT&T notified Plaintiff that it was "centralizing" operations from the Sacramento County office in Gold River, where Plaintiff worked, to a new office located in Pleasanton, California. (Compl. ¶ 6.)  Plaintiff was directed to report to the new Pleasanton office on

May 24, 2010 or to inform AT&T by April 2, 2010, if she intended not to relocate and instead take a severance package. (*Id.*) The notice unequivocally stated that if she did not report to this new location on the said date, her employment would end as a "voluntary termination." (*Id.*)

On or about March 23, 2010, AT&T again gave notice to Plaintiff that it was relocating its operations and business activities from Gold River to Pleasanton, California. (Compl. ¶ 7). The notice stated that if Plaintiff refused to move to the Pleasanton office, she would be considered a "voluntary termination." (*Id.*) The notice also offered an "early departure option" to employees who declined make the move. (*Id.*) The option was a supplementary lump sum payment. (*Id.*) Plaintiff was directed to accept the departure on or before April 2, 2010. (*Id.*) On March 24, 2010, Plaintiff responded to the notice. (*Id.*) The Complaint does not indicate the substance of her response.

The workers in Plaintiffs' workgroup were all "older workers," the majority of them, including Plaintiff, forty years of age or older. (Compl. ¶8.) At the time AT&T made the offer to relocate, it had already hired new, younger, employees to replace the older workers at the new location. (*Id.*) Plaintiffs alleges (and the Union denies) that the Union failed to respond to AT&T's relocation or to do anything to protect Plaintiff or the other workers in her workgroup. (Compl. ¶ 9.)

On July 12, 2010, a workgroup different from Plaintiff's workgroup, but also located in the Sacramento area, was notified of a pending work relocation to Anaheim, California. (Compl. ¶10.) Initially, the other workgroup was offered the same package that had been offered to Plaintiff's workgroup. (*Id.*) On July 21, 2010, however, the other Sacramento area workgroup was offered a relocation/termination package that was superior to the package offered to the older workers of Plaintiff's workgroup, containing significantly greater compensation to those workers. (*Id.*) Like the workers relocated to Anaheim, the Union had negotiated on behalf of the other Sacramento area workgroup, but assertedly failed to adequately or fairly represent Plaintiff's workgroup comprised of older workers. (*Id.*)

The contract between AT&T and the Union regarding Plaintiff and the other AT&T employees in her workgroup provides that AT&T shall notify all affected employees and the Union at least three months in advance in the event of a displacement of employees. (Compl. ¶11). The contract further provides that the Union shall be given the opportunity to make recommendations to

"diminish the detrimental impact of the change on employees." (*Id.*)  The contract sets forth the terms and conditions that apply to relocation and layoff of employees. (*Id.*)

Plaintiff alleges that to relocate to the Pleasanton, California, location would place an undue hardship on Plaintiff and her family. (Compl. ¶13.)

### III.  ARGUMENT

As set forth below, each of Plaintiff's Causes of Action against the Union fails to state a claim for which relief may be granted.  Further, the infirmities in Plaintiff's Complaint may not be cured by amendment.  Therefore, the Court should grant Defendant Union's Motion for Judgment on the Pleadings, and dismiss the Complaint with prejudice.

**A.   The Court Should Dismiss Plaintiff's Third Cause of Action, Alleging Breach of the Duty of Fair Representation, as Untimely.**

Plaintiff's Third Cause of Action[1] alleges that the Union breached its duty of fair representation.  This claim should be dismissed with prejudice because the allegations contained in Plaintiff's Complaint reveals that the claim is untimely.  The statute of limitations for claims of breach of the duty of fair representation is six months. *DelCostello v. Teamsters*, 462 U.S. 151 (1983).  All of the events described in the Complaint, which Plaintiff alleges constitute a claim that the Union failed to represent her fairly, occurred well over six months before the filing of Plaintiff's Complaint.

Plaintiff's Complaint bears a filing stamp dated May 22, 2011.  In her Third Cause of Action, Plaintiff alleges that the Union (1) "treated her workgroup differently than other workgroups on the basis of age;" (2) "failed to negotiate on behalf of its members that were in Plaintiff's older workgroup and instead colluded with AT&T such that a similarly situated workgoup comprised of younger workers receive more, better and additional benefits that the Union members of Plaintiff's workgroup;" and (3) "treated the workgroups differently on the basis of age and because it had already collected substantially all of the dues it was going to collect from the older workers before

---

[1] This Memorandum discusses the Causes of Action out of order for the purpose of providing the Court with the most logical sequence of arguments.

they retired." (Compl. ¶23.) The Union emphatically denies each of these allegations. (Def's Answer ¶ 20.)

Additionally, the face of the Complaint concedes that all of the alleged conduct which Plaintiff asserts constituted a breach of the duty of fair representation occurred between March 2, 2010, and May 24, 2010, well in excess of six months prior to the filing of the Complaint. (Compl. ¶6-7.) The relocation of Plaintiff's workgroup, and the substance of the relocation plan, according to the Complaint, was announced on March 2, 2010. (Compl. ¶6.) Plaintiff was required to inform AT&T of her decision whether to relocate or take the severance option on April 2, 2010. (*Id.*) The relocation, the Complaint alleges, was completed under the announced terms on May 24, 2010. (*Id.*) Therefore, the Plaintiff's allegations relating to her claim against the Union are based on events that would have occurred no later than May 24, 2010, nearly a year, and well over six months, before the filing of Plaintiff's Complaint.

Even if one were to consider the later, allegedly more favorable, treatment of the other workgroup (relocated to Anaheim) to constitute the Union's breach of the duty, these events also occurred well over six months before the filing of the Complaint. According to Plaintiff's Complaint, the relocation of the allegedly "younger" workgroup was noticed on July 12, 2010. (Compl. ¶10.) The allegedly "superior" relocation package was offered to this group on July 21, 2010. (*Id*). If, as Plaintiff alleges (and the Union denies), the Union "colluded" with management to provide the younger" workgroup with "better and additional benefits," such action would have occurred sometime before this allegedly "superior" package was offered to this group on July 21, 2010. Because all of the alleged conduct constituting the Union's supposed failure to represent Plaintiff occurred on or before July 21, 2010, well in excess of six months before Plaintiff filed her Complaint, her claims of breach of the duty of fair representation are untimely. This infirmity may not be cured by amendment of the Complaint. Therefore, Plaintiff's Third Cause of Action should be dismissed with prejudice.

B.  **Plaintiff Fails to State a Claim for Unfair Labor Practice, and Any Such Claim Would Be Preempted by the Exclusive Jurisdiction of the NLRB, and Time-Barred.**

Plaintiff's Fourth Cause of Action is styled as a claim for "unfair labor practice." In substance, however, this cause of action is simply a repetition of Plaintiff's claim of alleged breach of the duty of fair representation (DFR), since the only conduct alleged in this cause of action is the Union's supposed "refusal to negotiate" regarding the relocation. (Compl. ¶28.) Therefore, the Court should construe the Fourth Cause of Action as one for breach of the duty of fair representation, and dismiss it as time-barred for the reasons set forth in section III.A., *supra*.

Other than the time-barred DFR claim, Plaintiff fails to state a claim for any unfair labor practice against the Union, as none of the facts set forth in the Complaint constitute a Union unfair labor practice as defined in Section 8(b) of the National Labor Relations Act (NLRA). See, generally, 29 U.S.C. § 158(b). Even if they did, such a claim would be preempted by the exclusive jurisdiction of the National Labor Relations Board over unfair labor practices. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959). Therefore, this Court must dismiss Plaintiff's Fourth Cause of Action for lack of jurisdiction.

Plaintiff's Complaint inaccurately alleges that the NLRB "declined to assert jurisdiction" of her unfair labor practice charge, and that therefore this Court has jurisdiction under Section 14(c) of the Act. (Compl. ¶26-27; 29 U.S.C. 164(c).) Plaintiff misapprehends both the significance of the Board's dismissal of her Charge, and the meaning of NLRA Section 14(c). In support of her assertion that the Board declined to assert jurisdiction, Plaintiff cites to "Exhibit F" to her Complaint, a November 26, 2010, letter from the NLRB to Plaintiff. (This letter is also attached as Exhibit A to the Union's Answer, and, for the Court's convenience, is attached hereto as Exhibit A.)

The Board's letter reveals, contrary to Plaintiff's assertion, that the NLRB (through its Region 32, located in Oakland, California) *did* assert jurisdiction of her charge, investigated it, and ultimately dismissed it:

> The Region has carefully investigated and considered your charge against IBEW 1269 (Union) alleging violations under Section 8 of the National Labor Relations Act.

***

6

> Based on that investigation, I have concluded that further proceedings are not warranted, and I am dismissing your charge….

The letter goes on to set forth the results of the investigation and the reasons for the Board's decision to dismiss in detail.

Further, Section 14(c) of the Act would in no event permit the Board to decline jurisdiction of this case. 29 U.S.C. § 164(c). That section grants to the Board discretion to decline jurisdiction over a "class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction…" *Id.* Pursuant to this authority, the NLRB as a matter of policy declines to exercise jurisdiction over very small non-retail employers, whose business in interstate commerce does not exceed $50,000 of direct or indirect inflow or outflow of goods or services across state lines. *Siemons Mailing Service,* 122 NLRB 81 (1959). Obviously, AT&T, the employer in this case, would not fall into this category, as it is alleged in the Complaint to be one of the largest companies in the country. (Compl. ¶2.) Therefore, the Board could not decline jurisdiction over this case under Section 14(c).

Indeed, no evidence suggests that the Board has declined jurisdiction of this case under NLRA section 14(c). To the contrary, the exhibits to the pleadings prove that the Board *did* exercise jurisdiction, and dismissed Plaintiff's charge. Consequently, under the rule of *Garmon,* this Court lacks jurisdiction of Plaintiff's unfair labor practice claim, and no exception to this rule applies. Therefore, the Court must dismiss Plaintiff's Fourth Cause of Action, with prejudice, for lack of jurisdiction.

Finally, any unfair labor practice claim would be time-barred, for the same reason that the duty of fair representation claim is time-barred: All of the events constituting the basis for Plaintiff's claims occurred more than six months before the filing of the Complaint in this action. The statute of limitations for filing of the unfair labor practices charges is six months. 29 U.S.C. § 160(b). Therefore, the Court must dismiss the Fourth Cause of Action, with prejudice, as time-barred.

### C. FEHA Age Discrimination Claim Is Preempted Because It Is a DFR Claim in Disguise, and Should Be Dismissed for the Reasons Set Forth Above.

Plaintiff's First Cause of Action, alleging age discrimination under California Fair Employment and Housing Act (FEHA, Gov. Code § 12900, *et.seq.*), is preempted by federal labor law and therefore must be dismissed, with prejudice, as to Defendant Union.

Plaintiff's Complaint does not state whether the First Cause of Action is brought against the Union, or only against the employer. Nor does the First Cause of Action allege any conduct by the Union constituting violation of FEHA. Nevertheless, Plaintiff may claim that facts alleged in the "General Allegations" section of her Complaint include alleged conduct by the Union constituting age discrimination against her.

If so, such a claim is, in substance, a claim for breach of the duty of fair representation, which, as shown above, is preempted by federal law. The only conduct Plaintiff alleges against the Union that could conceivably be considered to be grounds for age discrimination is that the Union allegedly engaged in extensive negotiations on behalf of a workgroup containing younger employees, and did not properly represent the workgroup containing older workers, resulting in a better relocation offer for the former than the latter. (Compl. ¶9.) Such a claim is, in substance, nothing more than a duty of fair representation claim dressed up as a state law age discrimination claim. Therefore, such a claim is governed by the federal law regarding duty of fair representation, and the state law claim is preempted. *United Steelworkers v. Rawson*, 495 U.S. 362 (1990).

As the Supreme Court in *United Steelworkers v. Rawson* clearly instructed:

> Pre-emption by federal labor law cannot be avoided by characterizing the Union's negligent performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective-bargaining contract as a state-law tort. Accordingly, this suit, if it is to go forward at all, must proceed as a case controlled by federal, rather than state, law.

*Id.* at 371-72 (state law claims for wrongful death and negligence against miner's union must be construed as a claim for breach of the union's duty of fair representation). *See also, BIW Deceived v. Marine Workers Local S6*, 132 F.3d 824 (1st Cir. 1996) (complaint alleging negligence, fraudulent misrepresentation, fraud in the inducement, infliction of emotional distress, consortium, intentional nondisclosure and unjust enrichment, preempted by DFR); *Jackson v. T & N Van Service*, 86

F.Supp.2d 497 (E.D. Pa. 2000) (complaint alleging aiding and abetting racial discrimination preempted by DFR); *Bergeron v. Henderson*, 52 F.Supp.2d 149 (D. Maine 1999) (complaint alleging sexual harassment preempted by DFR); *Steele v. Local 1162*, 432 F.Supp.369 (N.D. Ind. 1977) (complaint alleging conspiracy preempted by DFR); *Flathau v. Machinists, District 141*, Case No. C03-0278, 2003 WL 21219032, 172 L.R.R.M. 2526 (W.D. Wa. May 14, 2003) (complaint alleging promissory estoppel preempted by DFR).

A California District Court reached a similar conclusion in a case that is instructive here. *Madison v. Motion Picture Set Painters and Sign Writers Local 729,* 132 F.Supp.2d 1244 (C.D. Cal. 2000). In *Madison,* plaintiff, an African American set painter, alleged that defendant Union failed to represent him and other African American members properly in negotiations, resulting in racially discriminatory hiring procedures. The Court held that plaintiff's race discrimination claim against the Union, brought under FEHA, was preempted by federal law governing the Union's duty of fair representation, because the gravamen of his discrimination claim against the Union was that it failed to represent him properly in negotiations. *Id.* at 1256-1259. Such a claim, the court held, even when styled as claim of discrimination under state law, is governed by the federal law regarding the duty of fair representation. *Id.* Having held that plaintiff's claim was preempted by the federal duty of fair representation, the Court applied the six-month statute of limitations to plaintiff's claims, and found them time-barred thereunder. *Id.* at 1259-61.

The case at bar is on all fours with *Madison,* and Plaintiff's FEHA claim against the Union should be dismissed for the same reasons. As in *Madison,* the gravamen of Plaintiff's FEHA claim here is that the Union failed to represent her properly in negotiations with the employer, resulting in allegedly discriminatory workplace treatment. Although pled as a FEHA claim, this cause of action is in substance a claim that the Union failed to represent Plaintiff fairly, and such a claim is governed by federal law, which preempts state regulation of such matters. Further, as in *Madison,* once federal law is applied, including the six-month statute of limitation for fair representation cases, Plaintiff's claim is time-barred, as set forth in Section III.A., *supra*. Therefore, the Court should dismiss Plaintiff's First Cause of Action, alleging violation of FEHA, with prejudice.

**D.      Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.**

For similar reasons, Plaintiff's Fifth Cause of Action, alleging intentional infliction of emotional distress, should be dismissed.  This claim alleges that the Union's "actions and inactions" in connection with the "decision to relocate offices specifically to rid themselves of older workers" resulted in severe emotional distress.  (Compl. ¶31.)  As with Plaintiff's FEHA claim, the Fifth Cause of Action against the Union is based entirely on its alleged failure to represent Plaintiff properly.  Because the gravamen of this claim is a breach of the Union's duty of fair representation, it is preempted by federal law in the same manner as Plaintiff's FEHA claim, and is time-barred for the same reasons.

Additionally, the conduct alleged in the Complaint does not state a claim for intentional infliction of emotional distress, because it does not, as a matter of law, allege the sort of extreme and outrageous conduct, beyond all bounds of decency, giving rise to such a claim.  See, e.g., *Trerice v. Blue Cross of California*, 209 Cal.App. 3d 878, 883 (1989) (replacing plaintiff's termination package with one less favorable does not constitute intentional infliction of emotional distress); *Yurick v. Superior Court*, 209 Cal.App. 3d 1116, 1129 (1989) (supervisor's telling plaintiff in the presence of others that anyone over 40 is senile and the plaintiff was senile and a liar, held not intentional infliction of emotional distress).

For these reasons, the Court should dismiss Plaintiff's Fifth Cause of Action with prejudice.

**E.      Plaintiff's California WARN Act Claim Should Be Dismissed Against the Union**

Plaintiff's Second Cause of Action, alleging violation of the California WARN Act, fails to state a cause of action against the Union and therefore should be dismissed with prejudice.  This Cause of Action alleges that Plaintiff was not given proper notice of a relocation, in violation of the Act.  (Compl. ¶¶17-20.)  The Complaint does not state whether this cause of action is brought against the Union, or only against the Defendant employer.  As set forth below, the Complaint alleges no facts under which the Union may be held liable pursuant to the WARN Act.  Further, no set of facts exist that could give rise to such liability, since the Act does not proscribe the conduct of labor organizations.  Therefore, the Second Cause of Action should be dismissed with prejudice.

The California Worker Adjustment and Retraining Notification Act ("WARN Act," Labor Code § 1400, *et.seq*.) requires an *employer* to provide notice to employees and to other enumerated entities before instituting a mass layoff, relocation, or termination, under circumstances set forth in the Act.  Labor Code § 1401.  The Act provides that an *employer* who fails to comply with the notice requirements is liable to employees for certain damages, and is additionally subject to civil penalties.  Labor Code §§ 1402, 1404.  The Act places no duty and imposes no liability upon a labor organization.  Labor Code §§ 1400-1408.  The Complaint alleges no conduct by the Union that would implicate the WARN Act in any manner.

Because the WARN Act does not govern the conduct of labor organizations nor create liability for them, no set of facts conceivably exists to give rise to a claim against the Union under the statute.  Therefore, Plaintiff's Second Cause of Action should be dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Defendant IBEW Local 1269 respectfully requests the Court to grant its motion for judgment on the pleadings, and dismiss the Complaint in its entirety, with prejudice.

Dated:  September 2, 2011                                   BEESON, TAYER & BODINE, APC


By:         /s/Jason Rabinowitz
     JASON RABINOWITZ
     DUANE B. BEESON
Attorneys for IBEW Local 1269