Aldon L. Bolaños, Esq. SBN. 233915
925 G Street
Sacramento, CA 95814
Ph.  916.446.2800
Fx.  916.446.2828
www.aldonlaw.com

Attorney for Plaintiff Joyce MCROBERTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joyce MCROBERTS,<br><br>    Plaintiff,<br><br>    vs.<br><br>AT&T INC., IBEW LOCAL 1269,<br><br>Defendants. | Case No.2:11-CV-02065-KJM-GGH<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:    October 26, 2011<br>Time:    10:00 a.m.<br>Ctrm:    3<br><br>Hon. Kimberly J. Mueller |

### I.   Introductory Statement

As an initial matter, Plaintiff McRoberts concedes causes one (1) and three (3) in the complaint as to defendant the IBEW ("Brotherhood").  This Memorandum, then, focuses on the Fair Employment and Housing Act claim, the Breach of the Duty of Fair Representation Claim (Unfair Labor Practice), and the Intentional Infliction of Emotional Distress claims.

1

Under the line of venerable cases beginning with *Allis-Chalmers*, and followed by Ninth Circuit precedent in *Miller v. AT&T Network Systems* (the same defendant in this case), as well as the *Madison* case cited in the defense papers, McRoberts submits that her three claims are not preempted because they do not require any analysis of a Collective Bargaining Agreement to determine that the Brotherhood discriminated against her on the basis of age.

Further, the statute of limitations argument advanced by the Brotherhood should fail for several reasons.  First, because McRoberts *was* in fact timely in first bringing her claim before the NLRB. Second, because her claim is solely one for breach of duty of fair representation against the Brotherhood such that it is longer than six months. And third, the statute is equitably tolled by her prior good faith and diligent prosecution of the case before the NLRB.

II. Statement of Relevant Facts As Alleged in the Pleading

For purposes of the Brotherhood's motion, there are several relevant facts pled.  Those facts are alleged at paragraphs 9, 10, and 23.  Specifically:

- The Brotherhood failed to take any action whatsoever ("failed to respond") to the forced relocation imposed by AT&T;

- The Brotherhood did nothing to protect McRoberts or her workgroup; and
- <u>The Brotherhood instead sacrificed the interests of the older workers in McRoberts' workgroup for those of a younger workgroup, on whose behalf the Brotherhood negotiated vigorously and for whom it obtained highly favorable terms.</u>

It is alleged that this last act of selling older workers down the proverbial river in favor of younger ones, was accomplished through collusion with AT&T: AT&T saves on pensions and mature salaries; the Brotherhood discards workers who have reached the end of their dues-paying capacity, and ensures a steady stream of revenue from the younger workers at an early stage of their career.  Everyone wins. Except the older workers.

### III. Legal Standard on FRCP Rule 12(b)(6) Motion

A motion to dismiss under FRCP Rule 12 should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts" which could entitle her to relief. *Livid Holdings Ltd. v. Solomon Smith Barney, Inc.,* 416 F. 3d 940, 946 (9th Cir. 2005).

In ruling on a motion to dismiss, the allegations of a complaint must be deemed true and must be construed in favor of the Plaintiff. *Id.*  All doubts

must be resolved in favor of the nonmoving party. *Keams v. Tempe Tech. Inst.,* 39 F3d 222, 224 (9th Cir 1994).

Motions to dismiss for failure to state a claim are disfavored by courts and are rarely granted, in part because they prevent disposition of a claim on its merits. *See Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).

Even if defects are found, leave to amend should be granted unless the Court determines that the defects could not possibly be cured by amendment. *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995); *see also Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc.,* 911 F.2d 242 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696 (9th Cir. 1990).

### IV.  Legal Analysis

A.  The Fair Employment and Housing Act Claim Stands

The California Fair Employment and Housing Act provides: "It is an unlawful employment practice…for a labor organization, because of…age…to exclude, expel, or restrict from its membership the person, or to provide only second-class or segregated membership or to discriminate against any person because of the …age of the person…or to discriminate in any way against any of its members.  California Government Code section 12900(b).

The defense contends this law somehow does not apply to the Brotherhood.

In support, it cites *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F. Supp. 2d 1244 (C.D.C.A. 2000). McRoberts concedes this case is on point, but contends the defense analysis is flawed, and misleading to the court.

In *Madison*, the court reasoned that "If a claim seeks to vindicate nonnegotiable state-law rights independent of any right established by contract, then it is not preempted." *Madison* at 1251, citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, and *Miller v. AT&T Network Systems*, 850 F. 2d 543, 545 (9th Cir. 1988). It went on to articulate a bright line rule: "**The Ninth Circuit has held on several occasions that the rights created by the FEHA are non-negotiable and independent of rights under a CBA, and thus that the FEHA claims are not preempted**." *Madison* at 1252.

The test, first articulated in *Miller*, is whether 1) the CBA contains provisions governing the actions giving rise to the state law claim; and 2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without reference to the CBA; and 3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. *Miller* at 548.

In *Madison*, the only act of discrimination asserted by plaintiff was that his union filed a grievance without alerting him first. Therefore, it reasoned that because the union would (and indeed could) only respond by contending that it was only following procedures in the CBA for filing grievances, preemption would be triggered. *Id*. at 1254, ("Resolution of the state claim turns on defendants' offer of a legitimate nondiscriminatory reason requiring interpretation of the collective bargaining agreement").

In the case at bar, the Brotherhood cannot legitimately argue that its decision to discriminate against older workers requires only an interpretation of the Collective Bargaining Agreement. Indeed, it should be axiomatic that a CBA cannot legitimately contain provisions allowing express discrimination based on age. Under the analysis in *Madison*, first articulated in *Miller*, below, Ms. McRoberts' FEHA claim simply cannot be preempted.

A better case for the question before this court is *Miller v. AT&T Network Systems*, 850 F. 2d 543 (9th Cir. 1988). In *Miller*, the court was asked to decide whether an Oregon statute prohibiting disability discrimination was preempted by the LMRA. Applying the standard three-prong test described above, the court determined that the antidiscrimination statute is

"nonnegotiable" and based on a declared policy of nondiscrimination based on disability.  It concluded that the "antidiscrimination statute thus creates a mandatory and independent state right that is not preempted by section 301." *Id*. at 550.

   Age discrimination is non-negotiable.  The Brotherhood made a calculated and collusive business decision to favor a younger workgroup over an older one.  It must be made to answer this charge before a jury of peers.

B.   The Breach of Duty of Fair Representation Claim is Timely or the Statute of Limitations Should Be Equitably Tolled Because McRoberts Went to the NLRB Timely

   The third cause alleges breach of the duty of fair representation.  Section 301 of the Labor Management Relations Act creates federal subject-matter jurisdiction over suits for violation of contracts involving labor organizations.  29 U.S.C. § 185. Claims asserted under § 301 of the LMRA are not governed by a specific statute of limitations, and therefore courts reviewing claims under that section must borrow an appropriate limitations period. *Jones v. General Elec. Co.,* 87 F.3d 209 (7th Cir. 1996). *See also* 29 U.S.C. 185(a) (1982).

   According to the United States Supreme Court in *Hoosier,* the timeliness of a § 301 suit... is to be

determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *Hoosier,* 383 U.S. 696, 704-705 (1966). Thus, the district court must borrow a statute of limitations from state law most analogous to the dispute. *Local 2, Int'l Bhd. of Elec. Workers v. Anderson Underground Constr., Inc.,* 907 F.2d 74, 75 (8th Cir. 1990).

For straightforward 301 cases, borrowing an applicable state statute of limitations for breach of contract remains the rule. *Id.*

The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. IBEW "treated her workgroup differently than other workgroups on the basis of age. The Union failed to negotiate on behalf of its members that were in Plaintiff's older workgroup and instead colluded with AT&T." (Complaint, ¶ 23).

This collusion was a violation of the union contract which plaintiff signed. In *Hoosier*, the Court made it equally clear that the state law period of limitations applies to an action for damages caused by a breach of an employer's obligation under a collective bargaining agreement.

Pursuant to *Hoosier,* as a matter of federal law, the district court must apply the appropriate state

statute of limitations. In this case, contrary to Defendants' assertions, Plaintiff's claim is a section 301 case similar to that of *Hoosier*. As a result, the California period of limitations should be borrowed in keeping with longstanding and settled procedure. California *Code of Civil Procedure* §337.1 provides for a period of limitations of four years for actions based upon an action upon a contract, obligation or liability founded upon an instrument in writing. Thus, the action is timely.

Plaintiff's action is timely and is not time-barred. However, in the case where Plaintiff's case would be considered time-barred, courts have stated as a general rule, pursuant to 20 U.S.C.A.§185 of the Labor Management Relations Act of 1947, that the running of limitations period may be subject to equitable tolling where a Plaintiff could not reasonably have discovered the existence or accrual of a hybrid cause of action despite exercise of due diligence. Therefore, if Plaintiff's case were to be construed as time-barred, equitable tolling would make her action timely.

C.  The IIED Claim is Not Preempted

*Miller*, discussed in Section A above, also analyzes the litigant's intentional infliction of emotional distress claim. While it did find that the claim was preempted, it did so by reasoning that the

9

1 Oregon standard of "beyond the farthest reaches of
2 socially tolerable behavior" requires an analysis of
3 "the relationship between plaintiff and defendant."
4 Id. 551.

5
6 Oregon's standard makes no sense.  As Pope John
7 Paul once said, something is either a sin, or it is not
8 a sin.  Fortunately, we are not in Oregon, but
9 California.  In California, the standard for outrageous
10 behavior which is "outside the boundary of human
11 decency" is a question for the jury to decide.
12 Therefore, there can be no reference to any CBA to
13 determine if something is extreme and outrageous; thus
14 under the Miller analysis there can be no preemption of
15 this claim either.

16 And the union's conduct is outrageous.  As pled,
17 it appears the Brotherhood is concerned only with
18 collecting dues, and acts in collusion with AT&T to
19 ensure the orderly disposal of older workers, who often
20 earn higher wages, have more substantially vested
21 pensions, and who are near the end of their
22 productivity and dues-paying career cycle.  Indeed, the
23 antidiscrimination laws exist to prohibit exactly the
24 kind of conduct which the union brazenly engaged in and
25 for which it now claims to be untouchable. A jury of
26 peers could easily find such conduct so reprehensible
27 as to justify the imposition of IIED and punitive
28

1 damages, and this claim should accordingly survive the
2 motion.

IV. Concluding Statement

   The facts alleged, if proven, would render the Brotherhood liable for the most crass and despicable kind of age discrimination.  They will have deserted their older membership, and slept with management, all in pursuit of the almighty dollar.  Plaintiff Joyce McRoberts is brave to oppose this brand of dastardly conduct, and this court should preserve her case so that a jury of her peers can decide its merits.

Respectfully Submitted,

Dated: October 11, 2011     **/s/ Aldon L. Bolaños, Esq.**
                            Aldon L. Bolaños, Esq.
                            Attorney for Plaintiff
                            Ms. Joyce McRoberts

11