IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOYCE MCROBERTS,

    Plaintiff,                                No. CIV S-11-2065 KJM-GGH

    vs.

AT&T, INC.; and IBEW, LOCAL 1269,

    Defendants.                             <u>ORDER</u>

_____/

        This matter comes before the court upon a motion for judgment on the pleadings filed by defendant International Brotherhood of Electrical Workers, Local 1269's ("defendant" or "Local 1269"). (ECF 7.) This matter was decided without a hearing. For the following reasons, defendant's motion is hereby granted in part and this case is remanded.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

        Plaintiff was employed by defendant AT&T beginning in May 1990 as a telemarketing and premise representative. (Compl. ¶ 5, Not of Removal, Ex. 1, ECF 1-1.) Local 1269 is the union that represented her. (*Id*. ¶ 3.) On March 2, 2010, AT&T notified plaintiff it was relocating her position to a new office. (*Id*. ¶ 6.) She was directed to report to the new office on May 24, 2010 or inform AT&T by April 2, 2010 if she intended not to relocate and instead take a severance package. (*Id*.)

1

1       Plaintiff filed a complaint in Sacramento County Superior Court on May 2, 2011; defendant removed the action to this court on August 4, 2011.  (Not. of Rem., ECF 1.) Plaintiff's complaint alleges five causes of action: 1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); 2) violation of the California Warn Act, CAL. LAB. CODE § 1400, et seq.; 3) breach of the collective bargaining agreement and duty of fair representation; 4) unfair labor practice; and 5) intentional infliction of emotional distress ("IIED").[1]  (*Id.*, Ex. 1.)  Defendant filed its answer on August 11, 2011.  (ECF 6.)

       Defendant filed the present motion for judgment on the pleadings on September 2, 2011.  (ECF 7.)  Plaintiff filed her opposition on October 12, 2011.  (ECF 9.)  Defendant filed its reply on October 20, 2011.  (ECF 15.)

II. ANALYSIS

    A.    Standard

       "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  "Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)."  FED. R. CIV. P. 12(h)(2)(B).  "Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Merchants Home Delivery Serv. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995) (citing *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993)).  A 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Slade v. Gates*, No. 01-8244-RMT(Ex), 2002 U.S. Dist. LEXIS 20401, at *2 n.1 (C.D. Cal. Oct. 11, 2002) (citing *GATX Leasing Corp. v. Nat'l Union Fire Ins., Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)).

---

[1] Plaintiff dismisses claims 2 and 3 against defendant and focuses her opposition memorandum on the FEHA, unfair labor practice (which plaintiff would now have the court construe as a breach of the duty of fair representation claim), and IIED claims.  (Pl.'s Opp'n at 1, ECF 9; Pl.'s Supplemental Mem., ECF 13.)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (FED. R. CIV. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

/////

/////

B.   Application

Defendant contends that plaintiff's FEHA and IIED claims are really claims for breach of the duty of fair representation, 29 U.S.C. § 159(a). (Mot. at 8 & 10.) In addition, defendant asks the court to construe plaintiff's fourth claim for unfair labor practices as a claim for breach of the duty of fair representation. (*Id.* at 6.) Defendant contends all plaintiff's claims against it are time-barred by the six-month statute of limitations applicable to claims for breach of the duty of fair representation found in 29 U.S.C. § 160(b).

Plaintiff does not address defendant's contention that her FEHA and IIED claims are essentially claims for breach of the duty of fair representation and instead focuses on arguing that these claims are not preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Opp'n at 5, 9-10.)

However, plaintiff apparently agrees that her claim for unfair labor practices is indeed a claim for breach of the duty of fair representation. Plaintiff would have the court analyze this claim as a contract claim brought under section 301 of the LMRA. (Opp'n at 7.)[2] As such, plaintiff contends, there is no specific statute of limitations and this court must borrow a statute of limitations from state law. (*Id.* at 7-8.) To address this point briefly, as both parties agree that this is a claim for breach of the duty of fair representation, § 301 of the LMRA is irrelevant;[3] the applicable statute of limitations for this claim is discussed below. Moreover, without citing to caselaw, plaintiff argues that even if the action is time-barred, the running of the statute of limitations is subject to equitable tolling, apparently contending that she "could not

---

[2] A claim for breach of the duty of fair representation is different from a § 301 claim. *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 84 n.8 (1989) ("[A]lthough a § 301 suit against the employer and a fair representation claim against the union are 'inextricably interdependent,' breach of the duty of fair representation is a cause of action separate from the claim against the employer.").

[3] Section 301 of the LMRA governs "[s]uits for violation of contracts between an employer and a labor organization." Plaintiff does not allege defendant violated the collective bargaining agreement in her complaint, except in presenting her voluntarily dismissed claim for breach of collective bargaining agreement; § 301 is inapplicable to her claims.

reasonably have discovered the existence of accrual of a hybrid cause of action despite exercise of due diligence." (*Id.*)  Plaintiff provides absolutely no support for her assertion that she could not have reasonably discovered the accrual of this action despite the exercise of due diligence. Indeed, plaintiff filed a charge against defendant with the National Labor Relations Board (NLRB), which shows that plaintiff was aware of the events giving rise to her claim.  (Answer, Ex. A, ECF 6-1.)  Moreover, insofar as plaintiff argues that the statute of limitations was tolled by plaintiff's bringing her claim to the NLRB (Pl.'s Opp'n at 7), this argument is in direct contravention of Ninth Circuit authority holding that claims for breach of the duty of fair representation are not tolled in this manner.  *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915-16 (9th Cir. 1987).

        Plaintiff's claim for breach of the duty of fair representation is barred by the applicable six month statute of limitations set forth in 29 U.S.C. § 160(b).  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *see also Madison*, 132 F. Supp. 2d at 1260 ("While this is not a [§ 301/fair representation] hybrid case, *DelCostello's* six month statute of limitations has been applied consistently in fair representation cases lacking hybrid fact patterns.").  "In a duty of fair representation case, the six-month statute of limitations begins to run 'when an employee knows or should know of the alleged breach of duty of fair representation by a union.'" *Madison*, 132 F. Supp. 2d at 1260 (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).  As the actions giving rise to plaintiff's claims occurred before May 24, 2010, well over six months prior to her filing of the complaint, plaintiff's claim for breach of the duty of fair representation is untimely.  Furthermore, the statute of limitations has run even if the court considers the date on which Local 1269 allegedly treated a different set of employees more favorably, July 12, 2010, to be the operative date giving rise to plaintiff's claims.

III. <u>REMAND</u>

        District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United

States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863, F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). As such, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Local 1269 removed plaintiff's complaint from Sacramento County Superior Court based on this court's federal question jurisdiction over plaintiff's third and fourth causes of action, both brought against Local 1269 only. (Not. of Removal ¶¶ 3-5.) As previously stated, plaintiff voluntarily dismissed her third cause of action and the court has granted defendant's motion for judgment on the pleadings as to her fourth cause of action above. Thus, these bases for jurisdiction are moot.

Local 1269, without citing to caselaw, also contended in the notice of removal that plaintiff's first claim for violation of FEHA arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. (*Id.* ¶ 6.) "A complaint purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) (internal quotation and emphasis omitted). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Id.* at 60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal alteration omitted). Absolutely nothing in

plaintiff's complaint indicates that the individual state law FEHA claim arises under the ADEA; there is no federal question here.  Moreover, the ADEA does not completely preempt FEHA claims.  "[S]tate law is pre-empted under the Supremacy Clause . . . in three circumstances. First, Congress can define explicitly the extent to which its enactments pre-empt state law. . . . Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. . . . Finally, state law is pre-empted to the extent that it actually conflicts with federal law." *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990).  "In conferring new rights and creating new remedies, the ADEA generally disclaims any preemptive effect on state law by impliedly preserving such law. Indeed, it effectively incorporates any consistent state antidiscrimination law . . . ." *Peatros v. Bank of Am.*, 22 Cal. 4th 147, 165 (2000).  Local 1269 has not shown any conflict between plaintiff's FEHA claim and the ADEA.  It has failed to carry its "burden of establishing that removal is proper," *Gaus*, 980 F.2d at 566, in presenting plaintiff's FEHA claim as arising under the ADEA.

Accordingly, the court declines to exercise supplemental jurisdiction over the claims remaining in this action as it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

IV.  <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion is GRANTED in part.  The remaining claims are REMANDED to Sacramento County Superior Court.  The motion to dismiss defendant Pacific Bell Directory (erroneously sued as AT&T Inc.) (ECF 20) is DENIED as moot.  The remaining claims are REMANDED to Sacramento County Superior Court.  All pending dates and deadlines in this action are hereby VACATED.

IT IS SO ORDERED.

DATED: February 3, 2012.

_____
UNITED STATES DISTRICT JUDGE